JCC
KOH: USAO 2020R00562



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

DEC 2 2 2021

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

**UNITED STATES OF AMERICA**

v.

███████,
███████, and
**JONATHAN HENRY,**

Defendant

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CRIMINAL NO. PWG-21-224

(Conspiracy to Commit Wire Fraud
and Mail Fraud, 18 U.S.C. § 1349;
Aggravated Identity Theft, 18 U.S.C.
§ 1028A(a)(1); Mail Fraud, 18 U.S.C.
§ 1341; Aiding and Abetting,
18 U.S.C. § 2; Forfeiture, 18 U.S.C.
§ 981(a)(1)(C), 21 U.S.C. § 853, 28
U.S.C. § 2461(c))

\*\*\*\*\*\*\*

## SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud and Mail Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendants ███████ ███████ ███████ and **JONATHAN HENRY ("HENRY")** were inmates at the Federal Correctional Institution, Fort Dix ("FCI Fort Dix"), which is operated by the Federal Bureau of Prisons.

2. Victim 1 and Victim 2 were identity theft victims whose personal identifying information ("PII"), including their names and Social Security numbers, was used without their knowledge or authorization to submit fraudulent claims for, and to obtain, unemployment compensation, as alleged herein.

3. The Maryland Department of Labor ("MD DOL") was an agency of the State of

Maryland responsible for the administration of Maryland's unemployment insurance system, processing applications for unemployment benefits, and disbursing unemployment compensation to individuals entitled to benefits.

4. MD DOL received applications for unemployment benefits through the Internet. In the application, the applicant was required to provide, among other things, the applicant's mailing address and PII about the applicant to include the applicant's name and Social Security number. If, based upon the information provided in the application, MD DOL determined that the applicant was entitled to unemployment benefits, Bank of America ("BOA"), pursuant to a contract with MD DOL, created a BOA prepaid VISA debit card in the applicant's name and mailed the card to the mailing address provided in the application. The debit card would provide access to funds held in a financial account for the purpose of compensating for the applicant's approved unemployment status.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020, in response to the outbreak of the novel coronavirus known as COVID-19 and the economic impact of the COVID-19 pandemic. The CARES Act established the Federal Pandemic Unemployment Compensation ("FPUC") program. The FPUC program allowed MD DOL and other state workforce agencies to provide an additional $600 per week to individuals entitled to receive regular unemployment insurance benefits. The FPUC program was effective from March 29, 2020, through July 31, 2020.

## The Conspiracy and the Scheme to Defraud

6.  From on or about March 22, 2020 through at least in or about June 2021, in the District of Maryland and elsewhere, the defendants,



**JONATHAN HENRY,**

knowingly and willfully conspired and agreed with each other and with others known and unknown to the Grand Jury:

   a.   to commit wire fraud, that is, to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, promises, and material omissions (the "scheme to defraud"), and, for the purpose of executing and attempting to execute the scheme to defraud, did cause to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343; and

   b.   to commit mail fraud, that is, to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, promises, and material omissions (the "scheme to defraud"), and, for the purpose of executing and attempting to execute the scheme to defraud, to cause to be placed in any post office or authorized depository for mail matter, any matter and thing whatever to be sent or delivered by the United States Postal Service ("USPS"), and deposit and cause to be deposited any matter and thing whatever to be sent or delivered by any private or commercial interstate carrier, and to take and receive therefrom any such matter and thing, and to cause to be delivered by the USPS according to the direction thereon, and at the place at which it is addressed, in violation of 18 U.S.C. § 1341.

### Object of the Conspiracy and Scheme to Defraud

7. It was the object of the conspiracy and scheme to defraud to obtain money and other property by submitting via the Internet false applications in the names of identity theft victims claiming unemployment benefits to which the defendants and other members of the conspiracy were not entitled, causing the issuance of prepaid debit cards in the victims' names and the mailing of those cards to locations accessible to the defendants and other members of the conspiracy, and using the cards to withdraw money and to conduct retail transactions.

### Manner and Means of the Conspiracy and the Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

8. The defendants and their co-conspirators obtained the PII of individual victims, including Victim 1 and Victim 2 ("identity theft victims").

9. The defendants and their co-conspirators identified addresses of locations accessible to them, which could be used to receive prepaid debit cards by mail.

10. The defendants and their co-conspirators used contraband telephones and the Internet to initiate, complete, and submit fraudulent applications for unemployment benefits in the names of identity theft victims, including Victim 1 and Victim 2, to MD DOL.

11. The defendants and their co-conspirators falsely used the PII of identity theft victims in the fraudulent applications claiming unemployment compensation, falsely verifying that the applicants were the identity theft victims.

12. The defendants and their co-conspirators listed the addresses of locations accessible to them as mailing addresses in the fraudulent applications, including addresses located in Maryland.

13. Based upon information provided in the fraudulent applications, MD DOL

approved disbursement of unemployment compensation totaling more than $1.7 million, including FPUC funds, and caused BOA to issue prepaid debit cards in the names of identity theft victims, including Victim 1 and Victim 2.

14. Based upon information provided in the fraudulent applications, MD DOL caused the prepaid debit cards to be mailed to locations designated as mailing addresses by the defendants and their co-conspirators in the fraudulent applications they submitted to MD DOL.

15. The defendants and their co-conspirators obtained and caused to be obtained the prepaid debit cards issued in the names of identity theft victims, including Victim 1 and Victim 2, under false pretenses.

16. The defendants' co-conspirators used the prepaid debit cards to withdraw money from automated teller machines and to make retail purchases.

18 U.S.C. § 1349

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 5 and 7 through 16 of Count One of this Superseding Indictment are incorporated here.

2. From on or about March 22, 2020 through at least in or about June 2021, in the District of Maryland and elsewhere, the defendants,



**JONATHAN HENRY,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)—that is a violation of 18 U.S.C. § 1349 as charged in Count One of this Superseding Indictment and incorporated here—knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, that is, debit cards bearing the names of Victim 1 and Victim 2.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

## COUNT THREE
### (Mail Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 5 and 7 through 16 of Count One of this Superseding Indictment are incorporated here.

2. On or about June 10, 2020, in the District of Maryland and elsewhere, the defendant,

**JONATHAN HENRY,**

for the purpose of executing and attempting to execute the scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, did knowingly cause to be delivered by mail and by private and commercial interstate carrier according to the direction thereon any matter and thing, namely, a prepaid VISA debit card, issued by Bank of America using the name of Victim 1, delivered by the United States Postal Service to an address in Baltimore, Maryland.

18 U.S.C. § 1341

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendants' convictions on Count One or Count Three of this Superseding Indictment.

### Wire and Mail Fraud Forfeiture

2. Upon conviction of any of the offenses set forth in Count One and Count Three, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants,



**JONATHAN HENRY,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3. If, as a result of any act or omission of the defendants, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Erek L. Barron* /KOH
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Date: December 22, 2021

Foreperson