IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC-21-224 |
| | * | |
| JONATHAN HENRY, | * | |
| | * | |
| | * | |
| | ******* | |

**SENTENCING MEMORANDOM**

The United States of America, by and through its undersigned counsel, hereby submits its sentencing memorandum in advance of Jonathan Henry's ("the Defendant" or "Henry") sentencing currently scheduled for October 1, 2024 at 10 a.m.

In 2018, the Defendant was convicted in this Court of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Pursuant to that conspiracy, the Defendant and his co-conspirators used the personal identifying information (PII) of victims, without their knowledge, to open credit card and telecommunication accounts and to purchase expensive electronics and merchandise. As a result, the Defendant was sentenced by the Honorable Judge Paul W. Grimm to a variant sentencing of 41 months as to Count One, and a consecutive 24 months as to Count Two, for a total of 65 months' incarceration.

While serving that sentence at FCI Fort Dix, a Bureau of Prisons ("BOP") facility in New Jersey, the Defendant committed the instant offense, which involved conspiring with other inmates, including Kenneth Dodd ("Dodd") and Jason Haddox ("Haddox"), at FCI Fort Dix to once again obtain victim PII and, this time, used that PII to file false unemployment insurance

1

claims during the height of the COVID-19 pandemic.

For the reasons that follow, the Government submits that the Defendant should be sentenced to the parties' agreed-upon sentence of 97 months' imprisonment, followed by three years of supervised release. The Government also requests that the Court enter a restitution order in the amount of $1,894,971. This sentence is sufficient but not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

### The Guidelines

The defendant pled guilty pursuant to a Plea Agreement to conspiracy to commit mail and wire fraud and aggravated identity theft. The defendant, the Government, and the United States Probation Office ("USPO") all agree that the defendant's base offense level is **7**, pursuant to United States Sentence Guidelines ("U.S.S.G.") § 2B1.1. All parties also agree that the following enhancements apply:

- A **16**-level enhancement applies, pursuant to U.S.S.G. § 2B1.1(b)(1)(I), because the loss involved in the offense was more than $1.5 million but not more than $3.5 million; and

- A **2**-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims.

The Government and the USPO also agree that a **2**-level enhancement applies, pursuant to U.S.S.G. § 2B1.1(b)(10)(C), because the offense involved sophisticated means and the defendant intentionally engaged in or cause the conduct constituting sophisticated means. Specifically, the USPO noted that the Defendant and his co-defendants caused unemployment claims to be filed in states that differed from both where victims lived and where they reported they lived for the

purposes of the receipt of these fraudulent benefits.

The Government also reserved the right to argue that a 4-level increase applies, pursuant to U.S.S.G. § 3B1.1, because the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. The Government is no longer seeking this enhancement.

The Defendant, the Government, and the USPO all agree that a **3**-level decrease applies due to the Defendant's prompt acceptance of responsibility.

The Government agrees with the USPO that the Defendant's criminal history category is V, which is comprised of nine criminal history points for prior convictions, plus one additional point because the Defendant committed the instant offense while under a criminal justice sentencing.

As such, the Government's and the USPO's position is that the Defendant's advisory guidelines range as to Count One is 92 – 115 months (24/CHC V), plus 24 months as to Count Two, for a total of **116 months – 139 months**.

The Defendant's position is that the Defendant's advisory guidelines range as to Count One is 77 – 96 months (22/CHC V), plus 24 months as to Count Two, for a total of **101 months – 120 months**.

However, the parties have agreed to request that the Court impose a total sentence as to Count One and Count Two of **97 months' imprisonment**.

**Sophisticated Means**

Section 2B1.1(b)(10)(C) of the Sentencing Guidelines provides for a 2-level enhancement if the "offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." Application Note 9(B), in turn, states:

> "[S]ophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a tele-marketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

Here, the execution of the offense was, by definition, especially complex and intricate given that the Defendant's used contraband phones, while incarcerated, to communicate with non-incarcerated co-conspirators and to file the unemployment claims during the COVID-19 pandemic. Moreover, the execution and concealment of the scheme itself was sophisticated, in that (like the example related to a tele-marketing scheme), the Defendant used the PII of various individuals who lived in states other than in Maryland, yet the Defendant filed the unemployment claims in Maryland using addresses in Maryland that were not associated with the victims. For example, Victim 1 is a Virginia resident. Yet, the Defendant used an address in Baltimore to file for and receive the debit cards issued based on the fraudulent application the Defendant filed or caused to be filed using Victim 1's PII. Moreover, the Defendant did so all while located in New Jersey.

The 2-level enhancement should apply.

**The Government's Recommended Sentence**

At sentencing, the Government anticipates recommending the agreed-upon sentencing of 97 months' imprisonment as to Count One and Count Two, comprised of 73 months as to Count One, followed by a consecutive 24 months as to Count Two.

The nature and circumstances of the Defendant's offense are extremely serious. Not only did the Defendant loot the United States and the State of Maryland of almost $2 million worth of unemployment insurance benefits during the height of the COVID-19 pandemic, he did so while incarcerated at a federal facility. And, perhaps most alarmingly, the Defendant was serving a sentence for the same offenses for which he is now convicted—conspiracy to commit wire fraud and aggravated identity theft—which involved the theft and use of victim PII to perpetrate the fraud. In addition, the Defendant's criminal history dates back to 2011, when the Defendant was 19 years old, and includes a variety of offenses related to drugs, firearms, theft, and driving offenses.

However, the most the Defendant has served in prison is 65 months. And, the Defendant's co-conspirator, Kenneth Dodd, was recently sentenced to 41 months' imprisonment (albeit for a significantly lower loss amount).

As such, the recommended 97-month sentence is sufficient but not greater than necessary to serve the purposes of sentencing, as set forth in 18 U.S.C. § 3553(a).

### Restitution and Forfeiture

As agreed to by the Defendant pursuant to his Plea Agreement, the Government will seek restitution in the amount of at least $1,894,971, to be made payable to the Maryland Department of Labor.

**Conclusion**

The Government respectfully contends that a sentence of 97 months is sufficient but not greater than necessary to achieve the purposes of sentencing pursuant to 18 U.S.C. § 3553(a).

        Respectfully submitted,

        Erek L. Barron
        United States Attorney


By: _____/s/_____
        Kelly O. Hayes
        Assistant United States Attorney